Turley, J.
delivered the' opinion of the court.
In this case the Chairman of the County Court of Perry county applied to the'Judge of the Circuit Court, for a judgment, on motion, against the defendants, James Dougherty and John C. Yarbrough, as sureties of Thomas J. Dougherty,. deceased, former Trustee of said county, for the revenue of 1838, 1839, by him collected and not paid over.
Upon the hearing it appeared, that at the January term, 1841, of the County Court of Perry., J. L. Houston and Daniel Fun-derburk were appointed Commissioners to settle with the county officers for the year 1841. Under this appointment they returned, that they found the Trustee indebted to the county in the sum of $1712 58 for revenue collected for the years 1838, 1839; and this is the amount' for which the Circuit Court was asked to give judgment against his sureties. The judgment was refused; and, thereupon, a writ of error is prosecuted by the Chairman to this court.
We think the refusal of the judgment in the'court below was correct, for two reasons:
1st. The Commissioners were appointed to settle with the' Trustee for the year 1841. Under this appointment they had no power to examine his accounts for the years 1838, 1839, and make a report thereon; it was, therefore, no evidence upon which to base the motion.
*506 2d. There is no authority given by which a judgment can be rendered, on motion, against the sureties of Trustee, without also giving judgment against him at the same time. The act of 1823, chap. 49, sec. 24, gives a judgment on motion in the Circuit Court against him and his sureties, but not against the sureties, alone. And we have held in the case of Rice and others vs. H. & J. Kirkman, 3 Hump. R. 415, that the judgment must be taken against all those against whom it is jointly given, unless in the case of the sureties, one of them be dead, when judgment may be taken against the burvivors; but this does not apply to the death of the principal.
We, therefore, affirm the judgment of the Circuit Court.